UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-21200-ALTMAN

**CRAIG VANNESS**,

    *Plaintiff*,

v.

**ELON MUSK**,

    *Defendant*.

_____/

## ORDER

On March 13, 2025, Craig Vanness filed a cavalcade of convoluted complaints in our District.[1] This is one such case. Here, Vanness pursues a class action under 42 U.S.C. § 1983 on behalf of the "poor unfortunate people of the world." Complaint [ECF No. 1] at 1. In a one-page delusional diatribe, Vanness alleges that the Defendant, Elon Musk, uses his company Neuralink "for government mind control." *Ibid.* He says Musk, along with the "Trump Admin[istration]," uses a form of "electronic torture" called the "Acoustic Fingerprint 'Beast' Capitalist A.I." to lie "to the world" about our perceived reality—at least, we *think* that's what Vanness is claiming. *Ibid.* (cleaned up). He seeks $50 billion in damages "for each country" and person affected. *Ibid.* After careful review, we **DISMISS** Vanness's Complaint *with prejudice* as frivolous and under the "three-strikes" provision of 28 U.S.C. § 1915(g).

---

[1] *See* Complaint, *Vanness v. Criminal Enterprise*, No. 25-cv-21218-RAR (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Lee Cnty. Sheriff's Off.*, No. 25-cv-21193-JB (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Shasta Cnty.*, No. 25-cv-21203-BB (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Megan's Law*, No. 25-cv-21212-RLR (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. CIA Agency*, No. 25-cv-21215-MD (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Artificial Intelligence*, No. 25-cv-21217-AHS (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Nevada*, No. 25-cv-21213-RS (S.D. Fla. Mar. 13, 2025), ECF No. 1; Complaint, *Vanness v. Holy Grail of Medicine*, No. 25-cv-21219-DPG (S.D. Fla. Mar. 13, 2025), ECF No. 1.

## THE LAW

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions of 28 U.S.C. § 1915(g)—also known as the "three-strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."), *abrogated in part on other grounds by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "[s]ection 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

## ANALYSIS

Our review of Vanness's litigation history reveals that he's already been designated a three-striker. *See* Order Dismissing Complaint, *Vanness v. Shasta Cnty.*, No. 25-cv-21203 (S.D. Fla. Mar. 14, 2025) (Bloom, J.), ECF No. 3 at 1 (dismissing Vanness's complaint "because he has three 'strikes' under 28 U.S.C. § 1915(g)"). That's because, before Vanness was ever labeled a three-striker, Vanness

had (at least) three cases dismissed as frivolous or for failure to state a claim for relief. *See* Order Dismissing Case, *Vanness v. Monroe Cnty. Jail*, No. 25-cv-10007 (S.D. Fla. Jan. 28, 2025) (Gayles, J.), ECF No. 3 at 2 (finding "Plaintiff's pleading is clearly frivolous and must be dismissed"); Order of Dismissal, *Vanness v. Acoustic Fingerprint*, No. 25-cv-10016 (S.D. Fla. Feb. 25, 2025) (Gayles, J.), ECF No. 4 at 1 (dismissing Plaintiff's complaint "as frivolous pursuant to 28 U.S.C. § 1915A"); Order on Screening, *Vanness v. Monroe Cnty. Jail Booking Officers*, No. 25-cv-10015 (S.D. Fla. Feb. 18, 2025) (Dimitrouleas, J.), ECF No. 3 at 6 (dismissing Plaintiff's complaint "pursuant to 28 U.S.C. § 1915(a)(1) for failure to state a claim upon which relief can be granted"). Since Vanness "has had three previous actions dismissed as frivolous or for failure to state a claim," Vanness is a three-striker under § 1915(g) and must pay the filing fee. *Wright v. Polk Cnty.*, 556 F. App'x 873, 874–75 (11th Cir. 2014).

Vanness (it's true) *could* avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he'd have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But Vanness doesn't even *try* to meet this exception. In fact, Vanness never specifically alleges that he's *ever* suffered a physical injury—much less that he's currently facing the threat of one. *See Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with *specific* allegations . . . that a serious physical injury will result if his claims are not addressed." (emphasis added)). So, the "imminent danger" exception doesn't apply here, meaning Vanness is subject to the three-strikes rule and can't proceed IFP. *See Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)). Since Vanness has failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947

3

F.3d at 1377 ("[A] district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit began.").

We also find that Vanness's Complaint is (clearly) frivolous, so we'll dismiss it *with prejudice*—even though a § 1915(g) dismissal is generally *without prejudice. See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."). A complaint is "frivolous" where the factual allegations are "clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). These involve "fantastic or delusional scenarios," *id.* at 328, or claims that "rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Davis v. Kvalheim*, 261 F. App'x 231, 235 (11th Cir. 2008) (affirming the district court's *sua sponte* dismissal of a complaint with prejudice because the plaintiff's "allegations were clearly baseless and without arguable merit in fact"). "[T]he frivolousness determination is a discretionary one[.]" *Denton*, 504 U.S. at 33.

No doubt, Vanness's claims are pure, unfiltered lunacy. He explains that "no one is safe from the mark of the beast"—that "mark" being (we think) the amorphous "Acoustic Fingerprint 'Beast' Capitalist A.I."—that "runs the world by controlling its victims." Compl. at 1. This form of "electronic torture" (Vanness says) is employed by Musk's Neuralink, which (he also says) "is an antenna for government mind control." *Ibid.* After accusing Musk and the "Trump Admin[istration]" of lying about "negotiating a ceasefire," Vanness insists that "the matrix is real," that the Central Intelligence Agency "has the world on its puppet strings," and (unrelatedly) that "[Adolf] Hitler was killed" by methamphetamine. *Ibid.* (cleaned up). These nonsense claims clearly "reflect the thoughts of a paranoid" and "delusional individual" and make a mockery of the judicial process. *Taylor v. Wardworth*, 2007 WL 1266363, at *2 (M.D. Ala. Apr. 30, 2007) (Watkins, J.).

The Eleventh Circuit has consistently affirmed the *with*-prejudice dismissal of frivolous § 1983 complaints, and, based on Vanness's claims, we're (quite) sure that disposition is appropriate here. *See, e.g.*, *Broner v. Wash. Mut. Bank, F.A.*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2)."); *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) ("We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice."). So, for all these reasons, we **DISMISS** Vanness's Complaint *with prejudice*.

\*   \*   \*

We therefore **ORDER AND ADJUDGE** that Craig Vanness's Complaint [ECF No. 1] is **DISMISSED with prejudice** as frivolous and for violating 28 U.S.C. § 1915(g). The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on March 20, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Craig Vanness, *pro se*